# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

STANLEY C. BRASCH,
            Appellant,

v.

DEPARTMENT OF
    TRANSPORTATION,
            Agency.

DOCKET NUMBER
CH-4324-13-4577-I-1

DATE: September 28, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Stanley C. Brasch, St. Louis, Missouri, pro se.

Parisa Naraghi-Arani, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied the appellant's request for corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA).  Generally, we grant petitions such as this one only

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant, a program manager for the agency's Federal Aviation Administration (FAA), argued in this action that the agency discriminated and retaliated against him, and created a hostile working environment, on the basis of his service in the military reserves. Initial Appeal File (IAF), Tab 1. The administrative judge gave the appellant notice of the elements and burdens he must meet to establish jurisdiction, receive a hearing, and prove his USERRA discrimination claim. IAF, Tab 3. The appellant first alleged that the agency denied his September 5, 2010 request to convert annual leave that he had used for military duty on certain dates in 2008 and 2009 to military leave. IAF, Tab 1 at 2, Tab 26 at 4, Tab 33 at 1. Next, the appellant alleged that the agency discriminated against him on the basis of his military service when it denied his January 25, 2012 request to restore 282 hours of "forfeited annual leave for various times from October 17 to December 29, 2011." IAF, Tab 1 at 2, Tab 26 at 4-5, Tab 33 at 1. Finally, the appellant argued that the agency discriminated against him on the basis of his military service when it took him 5 requests over

10 days to get the agency to approve his August 9, 2013 request to use annual leave on November 15-22, 2013.  IAF, Tab 1 at 2, Tab 26 at 5, Tab 33 at 1-2.

¶3    After holding a hearing, the administrative judge found that the appellant established jurisdiction over his claim, but she denied his request for corrective action because she found that the appellant failed to show that the agency denied him initial employment, reemployment, retention, promotion, or any benefit of employment on the basis of his military status or service.  IAF, Tab 42, Initial Decision (ID) at 4-5.  The appellant has filed a timely petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has responded in opposition.  PFR File, Tab 4.

¶4
>   A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

38 U.S.C. § 4311(a).  An employer is considered to have engaged in an action prohibited by 38 U.S.C. § 4311(a) if the person's membership, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership, application for membership, service, application for service, or obligation for service.  38 U.S.C. § 4311(c)(1).  Under 38 U.S.C. § 4311, military service is a motivating factor for an employment action if the employer "relied on, took into account, considered, or conditioned its decision" on the employee's military-related absence or obligation.  *Erickson v. U.S. Postal Service*, 571 F.3d 1364, 1368 (Fed. Cir. 2009).

¶5    Regarding the appellant's claim that the agency refused to convert his annual leave to military leave, the administrative judge found that, pursuant to the terms of a March 11, 2009 settlement agreement, the appellant clearly and

unambiguously agreed to waive all claims against the agency, both known and unknown, through the date the parties executed the agreement. ID at 6-7; *see* IAF, Tab 35 at 9. Nevertheless, the administrative judge also found that, even if the appellant had not waived this claim, agency regulations require employees to request military leave in advance and to provide military orders to establish the length and character of the military service, both of which the appellant failed to do. ID at 8-9; *see* IAF, Tab 20 at 94, 107. The administrative judge also noted that the appellant failed to show that military necessity precluded him from making his request for military leave in advance, before he performed his military duty. ID at 8; *see* IAF, Tab 20 at 107-08.

¶6        In his petition for review, the appellant incorrectly argues that USERRA rights cannot be waived in a settlement agreement. PFR File, Tab 1 at 5, 8; *see Landers v. Department of the Air Force*, 117 M.S.P.R. 109, ¶¶ 7-15 (2011) (holding that USERRA rights may be waived in a settlement agreement). Although the appellant argues that the agency may not require him to use annual leave for the purpose of military service, PFR File, Tab 1 at 6, the record does not reflect that the agency did so. Instead, the record reflects that the appellant used annual leave to perform military service, apparently on his own accord, and then asked the agency to substitute military leave for that annual leave almost 10 months later. IAF, Tab 20 at 94. Under its regulations, the agency is not required to do so.[2] *Id.* at 107. Moreover, as described above, the record does not reflect that the agency relied on, took into account, considered, or conditioned its response on the appellant's military-related absence or obligation in declining to convert his annual leave to military leave, but instead reflects that the agency

---

[2] The FAA is exempt from the military leave provisions set forth at 5 U.S.C. § 6323, and instead is bound by its own regulations on the issue, which the Board has the authority to consider under USERRA. *E.g.*, *Pratt v. Department of Transportation*, 103 M.S.P.R. 111, ¶¶ 8-10 (2006); *see* IAF, Tab 20 at 106-13 (FAA Human Resources Policy Manual, LWS 8.4).

based its decision on the appellant's failure to request military leave in advance and his inability to show that military necessity precluded him from doing so.

¶7     Regarding the appellant's claim that the agency discriminated against him due to his military service when it denied his 2012 request for restoration of annual leave he forfeited in 2011 due to illness, the administrative judge determined that the agency had converted sick leave that the appellant used in 2011 to annual leave, restoring the previously used sick leave to his sick leave balance, and that it also had restored 208 hours of use-or-lose annual leave to the appellant.  ID at 8-9.  The administrative judge noted that the appellant sought additional restoration of leave, but she found that it was unclear from the record exactly how much more leave the appellant sought.[3]  ID at 9.  Nevertheless, the administrative judge ultimately found that prohibited discrimination did not motivate the agency's decision not to restore the appellant's lost annual leave.  ID at 9-10.

¶8     In his petition for review, the appellant asserts that agency policy allows annual leave to be restored if an employee is ill and unable to reschedule and use previously scheduled annual leave before the end of the leave year, and argues that he is "not required to take annual leave for being injured on military duty."  PFR File, Tab 1 at 11.  He requests that the Board correct the situation by restoring 282 hours of lost annual leave and having "the FAA collect back … the 158 hours the FAA added back to my sick leave account."  *Id*. at 12.  However, the record reflects that this is another instance where the appellant failed to request military leave in advance.  ID at 9.  Even so, by converting the sick leave

---

[3] It appears that the remaining 74 hours of annual leave for which the appellant sought restoration were awarded to him in the parties' March 2009 settlement agreement.  *See* ID at 10 & n.3; *see also* IAF, Tab 36 at 8.  To the extent that it does not involve the appellant's military service, the annual leave issue is outside of the Board's purview in a USERRA appeal.  Moreover, we note that the administrative judge cited agency testimony that an employee originally must have requested annual leave to request restoration of forfeited annual leave and the appellant's admission in his testimony that he had not done so.  ID at 9.

the appellant used on account of his injury on military duty to annual leave, the record reflects that the agency allowed him the benefit of using annual leave he would have lost anyway and keeping his sick leave. Under these circumstances, we agree with the administrative judge's finding that the facts do not show that the agency was motivated by prohibited discrimination in failing to restore lost annual leave. ID at 10. The record instead reflects that the agency did what it could for the appellant despite his admitted failure to properly request military leave in advance.

¶9 Finally, regarding the agency's delay in approving the appellant's August 2013 request to use annual leave in November 2013, the administrative judge found that an 8-day delay was not unreasonable considering that the agency was undergoing reorganization during this time, and the appellant had once again failed to show that his military status was a substantial or motivating factor in the agency's actions. ID at 10. In his petition for review, the appellant claims that the agency usually processes leave requests more quickly. PFR File, Tab 1 at 13. However, as noted by the administrative judge, the record reflects that the appellant received approval for the leave he requested well in advance of the dates involved and that the agency's delay in approving his request had nothing to do with his military status. ID at 10. We agree with the administrative judge that the appellant failed to show that he was treated more harshly than any nonveteran concerning the leave at issue in this matter. ID at 10-11.

¶10 Accordingly, we affirm the administrative judge's decision to deny the appellant's request for corrective action under USERRA.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal

Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                 _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.